# EXHIBIT A



Svea Court of Appeal
Box 2290
SE-103 17 Stockholm

SVEA COURT OF APPEAL
020101

Received: 2019-10-16
Case No: T 1626-19
File Appendix: 80

15 October 2019

By e-mail: svea.avdelning2@dom.se

## Case T 1626-19; <u>The Kingdom of Spain</u> ./. Foresight Luxembourg Solar 1 S.à.r.l. et al

With reference to the Court of Appeal's order of 24 May 2019 (file appendix 68) and thereafter granted time extensions, the Kingdom of Spain hereby submits a brief in reply to Foresight Luxembourg Solar 1 S.à.r.l. et al's statement of defence of 10 May 2019 (file appendix 40) (the "**Statement of Defence**").

**VINGE**

[**orig. p. 46**]

## H. REQUEST FOR PRELIMINARY RULING

**18    Spain's proposals for questions to the CJEU in the application for summons**

[…]

**18.1    Question 1 – the interpretation of Article 26 ECT**

[…]

[**orig. p. 47**]

[…]

**Question 1**

1) Shall Article 26 ECT, by which a Contracting Party gives its unconditional consent to the submission of a dispute between that Contracting Party and an investor from another Contracting Party regarding the latter's investments in the former's Area to international arbitration, be interpreted as applicable to a dispute between an investor from one EU [**orig. p. 48**] Member State and another EU Member State regarding an investment by the former in the latter?

**18.2    Questions 2, 3 and 4 – whether Articles 4.3 and 19 TEU and 267 and 344 TFEU preclude a provision such as Article 26 ECT**

[…]

**Questions 2 – 4:**

If question 1 is answered in the [affirmative (corrected after submittal)]:

2) Does Article 344 TFEU preclude the application of a provision in an international agreement such as the arbitration clause in Article 26 ECT to a dispute between an investor from one EU Member State and another EU Member State regarding an investment by the former in the latter?
3) 
4) Do the Articles 19 TEU and 267 TFEU preclude the application of a provision in an international agreement such as the arbitration clause in Article 26 ECT to a dispute between an investor from one EU Member State and another EU Member State regarding an investment by the former in the latter?

[**orig. p. 49**]

**VINGE**

5) Do Article 4.3 TEU and the principle of sincere cooperation preclude the application of a provision in an international agreement such as the arbitration clause in Article 26 ECT to a dispute between an investor from one EU Member State and another EU Member State regarding an investment by the former in the latter?

[…]

## 19   Proposal for new and further questions to the CJEU

[…]

### 19.1   Questions 5, 6 and 7 – state aid

[…]

**Question 5**

263.   Does an arbitral award, by which the arbitral tribunal awards damages as compensation for the repeal of an aid measure implemented in violation of the standstill obligation in Article 108.3 TFEU, in itself constitute a state aid measure?

[**orig. p. 50**]

**Question 6**

264.   Must a national court, which is seized to rule on a petition to declare an arbitral award invalid, grant the petition if the arbitral award violates the standstill obligation in Article 108.3 TFEU, if the court according to internal procedural provisions must grant a petition to declare an arbitral award invalid if the arbitral award or the manner in which the arbitral award arose is manifestly incompatible with national public policy?

**Question 7**

265.   Must a national court, which is seized to rule on a petition to declare an arbitral award invalid, grant the petition if the arbitral award violates the standstill obligation in Article 108.3 TFEU, if the court according to internal procedural provisions must grant a petition to declare an arbitral award invalid if the arbitral award includes the determination of an issue which may not be decided by arbitrators?

### 19.2   Question 8 –Articles 4.3 and 19 TFEU and 267 and 344 FEUF and public policy

[…]

**Question 8**

5) [sic] Must a national court, which is seized to rule on a petition to declare an

arbitral award invalid, grant the petition if the arbitral award has been issued on the basis of Article 26 ECT in a dispute between an investor from one EU Member State and another EU Member State regarding an investment by the former in the latter, if the court according to national procedural provisions must grant a petition to declare the award invalid if the arbitral award or the manner in which the arbitral award arose is manifestly incompatible with national public policy?

### 19.3  Question 9 –Articles 4.3 and 19 TFEU and 267 and 344 FEUF and arbitrability

[…]

[**orig. p. 51**]

**Question 9**

6) [sic] Must a national court, which is seized to rule on a petition to declare an arbitral award invalid grant the petition if the arbitral award has been issued on the basis of Article 26 ECT in a dispute between an investor from one EU Member State and another EU Member State regarding an investment by the former in the latter, and the court according to national procedural provisions must grant a petition to declare an arbitral award invalid if the arbitral award includes the determination of an issue which may not be decided by arbitrators?

### 19.4  Question 10 – the applicability of national preclusion rules

[…]

**Question 10**

7) [sic] In a situation where a national procedural provision prevents setting aside an arbitral award because one party, which is an EU Member State, is precluded from invoking that article 26 ECT violates Articles 4.3 and 19 TEU and Articles 267 and 344 TFEU in a dispute between an investor from one EU Member State and another EU Member State regarding an investment by the former in the latter, do the primacy of EU law and the principle of effectiveness require that such a [national] provision be set aside by the national court?



Svea hovrätt  
Box 2290  
103 17 Stockholm

SVEA HOVRÄTT  
020101  
INKOM: 2019-10-16  
MÅLNR: T 1626-19  
AKTBIL: 80

15 oktober 2019             *Via e-post: svea.avdelning2@dom.se*

**Mål T 1626-19; <u>Konungariket Spanien</u> ./. Foresight Luxembourg Solar 1 S.à.r.l. m.fl.**

Med hänvisning till hovrättens föreläggande av den 24 maj 2019 (ab 68) och därefter beviljade anstånd, inkommer Konungariket Spanien här med yttrande över Foresight Luxembourg Solar 1 S.à.r.l. m.fl.:s svaromål av den 10 maj 2019 (ab 40) ("**Svaromålet**").

VINGE

## H. BEGÄRAN OM FÖRHANDSAVGÖRANDE

## 18  Spaniens förslag till frågor till EU-domstolen i stämningsansökan

239. Svarandena hävdar att det saknas skäl att begära förhandsavgörande i målet och hänvisar till Svea hovrätts ställningstagande i mål T-4658-18. Svarandena hävdar att "*[e]ftersom EU-rätten inte är tillämplig i denna del saknas det skäl att inhämta förhandsavgörande*".[116] Vidare menar Svarandena att de frågor som Spanien föreslagit varken är lämpliga eller möjliga att ställa till EU-domstolen.[117]

240. Spanien har i avsnitt B ovan redogjort för EU-rättens relevans i målet. Som där framgår är EU-rätten i högsta relevant för de frågor som ska prövas i målet. Om hovrätten skulle anse att någon av de relevanta EU-rättsliga frågorna inte klar, är det Spaniens uppfattning att förhandsavgörande ska inhämtas från EU-domstolen. Vid en tillämpning av artikel 267 FEUF måste hovrätten ses som sista instans eftersom det är hovrätten själv som avgör om överklagande till Högsta domstolen ska få ske.

241. Vad gäller de frågor som Spanien har föreslagit erinrar Spanien till att börja med att hovrätten är fri att omformulera frågorna. Hovrätten ska alltså inte besluta att inte inhämta förhandsavgörande på grund av någon uppfattad brist i själva formuleringen av frågorna. Det avgörande för frågan om förhandsavgörande ska inhämtas, är om hovrätten identifierar en fråga som gäller tolkning av EU-fördragen eller ECT och där ett klargörande från EU-domstolen är nödvändigt för att döma i saken.

242. Nedan kommenterar Spanien vad Svarandena anför om var och en av de föreslagna frågorna.

### 18.1  Fråga 1 - tolkningen av artikel 26 ECT

243. Spaniens förslag till fråga 1 i stämningsansökan avser huruvida artikel 26 ECT omfattar intra-EU tvister under ECT, vilket Svarandena hävdar och Spanien bestrider.

244. Svarandena påstår att denna fråga inte kan ställas till EU-domstolen eftersom ECT enligt Svarandena endast ska tolkas i enlighet med Wienkonventionen. Enligt Svarandena varken kan eller får EU-domstolen utföra en tolkning enligt Wienkonventionen.[118]

245. Svarandenas påstående är felaktigt. Det framgår av EU-domstolens rättspraxis att EU-domstolen har behörighet att tolka en regel i ett internationellt avtal som EU har ingått. Så skedde exempelvis i *Haegemann mot Belgien*:

---

[116] Svaromålet, p. 285.
[117] Svaromålet, p. 280-281.
[118] Svaromålet, p. 288.

**VINGE**

> *"2 Enligt artikel 177 första stycket i EEG-fördraget är 'domstolen ... behörig att meddela förhandsavgöranden angående ... tolkningen av rättsakter som beslutats av gemenskapens institutioner'.*
>
> *3 Atenavtalet har ingåtts av rådet enligt artiklarna 228 och 238 i fördraget, vilket framgår av ordalydelsen i beslutet av den 25 september 1961.*
>
> *4 Avtalet är alltså, vad gemenskapen beträffar, en rättsakt som beslutats av en av gemenskapens institutioner enligt vad som avses i artikel 177 första stycket b.*
>
> *5 Bestämmelserna i avtalet utgör en integrerad del av gemenskapens rättsordning från och med dagen för avtalets ikraftträdande.*
>
> *6 Inom ramen för denna rättsordning är domstolen följaktligen behörig att meddela förhandsavgörande om tolkningen av detta avtal."* [119]

246. Även i *Demirel mot Stadt Schwäbisch Gmünd*[120] och *Hermès*[121] bekräftade EU-domstolen sin behörighet att tolka ett internationellt avtal där EU var part.

247. EU-domstolen har alltså behörighet att tolka bestämmelser i ECT. Detta är också helt naturligt eftersom ECT utgör en integrerad del av EU-rätten.

248. Svarandena påstår vidare att det under alla förhållanden inte skulle vara nödvändigt att inhämta förhandsavgörande avseende tolkningen av artikel 26 ECT eftersom ordalydelsen enligt Svarandena är "*otvetydig*".[122] Detta är felaktigt.

249. Artikel 26 ECT har under lång tid och i ett stort antal mål tolkats diametralt motsatt av å ena sidan investerare och å andra sidan medlemsstater och Kommissionen. Av parternas redogörelser för sina ståndpunkter i detta mål framgår också att det föreligger ett behov av klargörande av innebörden av artikel 26 ECT i en intra-EU situation.

250. Som Spanien redogjort för i stämningsansökan måste hovrätten anses vara en domstol mot vars avgöranden det inte finns något rättsmedel. Hovrätten är därmed skyldigt att inhämta förhandsavgörande så snart det finns rimligt tvivel om hur artikel 26 ECT ska tolkas.

251. Spanien föreslår en smärre justering av den tidigare föreslagna frågan, så att fråga 1 får följande lydelse:

**Fråga 1**

1) Ska artikel 26 ECT, genom vilken en avtalsslutande part ("*Contracting Party*") ger sitt ovillkorliga samtycke till att en tvist mellan den avtalsslutande parten och en investerare från en annan avtalsslutande part avseende den senares investeringar på den förstnämndas territorium ("*Area*") hänskjuts till internationellt skiljeförfarande, tolkas så att den är tillämplig i en tvist mellan en investerare från en EU-

---

[119] EU-domstolens dom av den 30 april 1974, Haegemann mot Belgien, C-181/73, ECLI:EU:C:1974:41, p. 2-6.
[120] EU-domstolens dom av den 30 september 1987, Demirel mot Stadt Schwäbisch Gmünd, C-12/86, ECLI:EU:C:1987:400, p. 7-9.
[121] EU-domstolens dom av den 16 juni 1998, Hermès International mot FHT Marketing Choice, C-53/96, ECLI:EU:C:1998:292, p. 32.
[122] Svaromålet, p. 289.

medlemsstat och en annan EU medlemsstat avseende en investering av den förstnämnda i den sistnämnda?

### 18.2  Frågorna 2, 3 och 4 - huruvida artiklarna 4.3 och 19 FEU samt 267 och 344 FEUF utgör hinder för en bestämmelse som artikel 26 ECT

252.  Vad avser frågorna 2 - 4 hävdar Svarandena att det inte spelar någon roll om artiklarna 4.3 och 19 FEU samt artiklarna 267 och 344 FEUF hindrar en tillämpning av artikel 26 ECT, eftersom skiljenämnden enligt Svarandena har en "*folkrättslig behörighet*".[123]

253.  Svarandenas påstående är felaktigt. Spanien hänvisar till sin redogörelse för EU-rättens relevans i avsnitt B ovan. Det har en direkt och avgörande betydelse för målet om nämnda bestämmelser i EU-fördragen hindrar en tillämpning av artikel 26 ECT intra-EU. I detta sammanhang kan också hänvisas till Svea hovrätts avgörande i mål T 8538-17 och tyska *Bundesgerichthofs* avgörande i *Achmea* där det konstaterats att det har avgörande betydelse om en skiljeklausul strider mot nu aktuella bestämmelser i EU-fördragen.

254.  Spanien anser att rättsläget är klart vad gäller att artiklarna 4.3 och 19 FEU samt artiklarna 267 och 344 FEUF EU-fördragen hindrar en tillämpning av artikel 26 ECT intra-EU. Skulle hovrätten dela denna bedömning behövs inget förhandsavgörande från EU-domstolen. Skulle däremot hovrätten inte anse att rättsläget är klart i detta avseende, åligger det hovrätten att inhämta förhandsavgörande eftersom ett beslut i frågan är nödvändigt för att döma i saken.

255.  Svarandena anger vidare att frågorna 2 - 4 tar sikte på artikel 26 ECT i dess helhet och att bestämmelsen även innehåller möjlighet till domstolsprövning. Det är korrekt att målet handlar om skiljeklausulen i artikel 26 ECT. Frågan bör således avgränsas till skiljeklausulen i artikel 26 ECT. Spanien justerar frågorna i enlighet med det sagda. Därutöver görs vissa förtydliganden genom att hela frågorna 3 och 4 skrivs ut. De justerade frågorna återges nedan.

**Frågorna 2 - 4**

Om fråga 1 besvaras nekande:

2) Utgör artikel 344 FEUF hinder för tillämpningen av en sådan bestämmelse i ett internationellt avtal som skiljeklausulen i artikel 26 ECT i en tvist mellan en investerare från en EU-medlemsstat och en annan EU-medlemsstat avseende en investering av den förstnämnda i den sistnämnda?

3) Utgör artiklarna 19 FEU och 267 FEUF hinder för tillämpningen av en sådan bestämmelse i ett internationellt avtal som skiljeklausulen i artikel 26 ECT i en tvist mellan en investerare från en EU-medlemsstat och en annan EU-medlemsstat avseende en investering av den förstnämnda i den sistnämnda?

---

[123] Svaromålet, p. 292.

4) Utgör artikel 4.3 FEU och principen om lojalt samarbete hinder för tillämpningen av en sådan bestämmelse i ett internationellt avtal som skiljeklausulen i artikel 26 ECT i en tvist mellan en investerare från en EU-medlemsstat och en annan EU-medlemsstat avseende en investering av den förstnämnda i den sistnämnda?

256. Vad avser de tidigare föreslagna frågorna 5 och 6 rörande statsstöd ersätts dessa av frågorna 5, 6 och 7 nedan.

## 19  Förslag till nya och ytterligare frågor till EU-domstolen

257. Spanien föreslår att följande nya och ytterligare frågor ställs till EU-domstolen. Frågorna 6 - 9 ligger nära utformningen av första frågan i *Eco Swiss*.

### 19.1  Frågorna 5, 6 och 7 - statsstöd

258. Statligt stöd som inte notifierats och godkänts av Kommissionen utgör olagligt statsstöd och omfattas av genomförandeförbudet i artikel 108.3 FEUF.

259. Svarandenas påstående att artikel 108.3 FEUF endast skulle vara en bestämmelse av formaliakaraktär tillbakavisas bestämt.[124] Artiklarna 107 och 108 FEUF utgör en del av den unionsrättsliga konkurrensrätten och genomförandeförbudet i artikel 108.3 FEUF har en fundamental betydelse för att den inre marknaden ska fungera. Spaniens uppfattning är att bestämmelsen ska likställas med artiklarna 101 och 102 FEUF och alltså utgör en del av grunderna för den unionsrättsliga rättsordningen.

260. Att artikel 108.3 FEUF utgör en del av grunderna för den unionsrättsliga rättsordningen anser Spanien är klart. Skulle hovrätten dela denna bedömning behövs inget förhandsavgörande från EU-domstolen avseende denna fråga. Skulle däremot hovrätten inte anse att detta är klart, åligger det hovrätten att inhämta förhandsavgörande eftersom ett beslut i frågan är nödvändigt för att döma i saken.

261. Om artikel 108.3 FEUF har samma dignitet som artiklarna 101 och 102 FEUF och Skiljedomen, eller det sätt på vilket Skiljedomen tillkommit, strider mot artikel 108.3 FEUF ska Skiljedomen ogiltigförklaras.

262. Frågorna 5, 6 och 7 återges nedan.

**Fråga 5**

263. Utgör en skiljedom, vari skiljenämnden utdömer skadestånd som ersättning för upphävandet av en stödordning som genomförts i strid med genomförandeförbudet i artikel 108.3 FEUF, i sig en statlig stödåtgärd?

---

[124] Svaromålet, p. 306.

**VINGE**

**Fråga 6**

264. Måste en nationell domstol, som har att avgöra ett yrkande om ogiltigförklaring av en skiljedom, bifalla yrkandet om skiljedomen strider mot genomförandeförbudet i artikel 108.3 FEUF, om domstolen enligt interna processuella bestämmelser måste bifalla ett yrkande om ogiltighetsförklaring om skiljedomen eller det sätt på vilket skiljedomen tillkommit är uppenbart oförenligt med grunderna för den nationella rättsordningen?

**Fråga 7**

265. Måste en nationell domstol som har att avgöra ett yrkande om ogiltigförklaring av en skiljedom, bifalla yrkandet om skiljedomen strider mot genomförandeförbudet i artikel 108.3 FEUF, om domstolen enligt interna processuella bestämmelser måste bifalla ett yrkande om ogiltighetsförklaring om skiljedomen innefattar prövning av en fråga som inte får avgöras av skiljemän?

## 19.2   Fråga 8 - artiklarna 4.3 och 19 FEU samt 267 och 344 FEUF och *ordre public*.

266. Artiklarna 4.3 och 19 FEU samt artiklarna 267 och 344 FEUF utgör en del av grunderna för den unionsrättsliga rättsordningen. Enligt Spanien är detta klart. Skulle hovrätten dela denna bedömning behövs inget förhandsavgörande från EU-domstolen avseende denna fråga. Skulle däremot hovrätten inte anse att detta är klart, åligger det hovrätten att inhämta förhandsavgörande eftersom ett beslut i frågan är nödvändigt för att döma i saken.

**Fråga 8**

5) Måste en nationell domstol som har att avgöra ett yrkande om ogiltigförklaring av en skiljedom bifalla yrkandet om skiljedomen har meddelats med stöd av artikel 26 ECT i en tvist mellan en investerare från en EU-medlemsstat och en annan EU-medlemsstat avseende en investering av den förstnämnda i den sistnämnda, om domstolen enligt nationella processuella bestämmelser måste bifalla ett yrkande om ogiltighetsförklaring om skiljedomen eller det sätt på vilket skiljedomen tillkommit är uppenbart oförenligt med grunderna för den nationella rättsordningen?

## 19.3   Fråga 9 - artiklarna 4.3 och 19 FEU samt 267 och 344 FEUF och *skiljedomsmässighet*

267. Spanien har ovan redogjort för att Skiljedomen innefattar prövning av frågor som enligt svensk lag (innefattande EU-rätt) inte får avgöras av skiljemän. Spanien anser att det genom *Achmea* står klart att intra-EU investeringstvister under bl.a. ECT inte får prövas av skiljemän. Skulle hovrätten dela denna bedömning behövs inget förhandsavgörande från EU-domstolen avseende denna fråga. Skulle däremot hovrätten inte anse att detta är klart, åligger det hovrätten att inhämta förhandsavgörande eftersom ett beslut i frågan är nödvändigt för att döma i saken.

**VINGE**

**Fråga 9**

6) Måste en nationell domstol som har att avgöra ett yrkande om ogiltigförklaring av en skiljedom bifalla yrkandet om skiljedomen har meddelats med stöd av artikel 26 ECT i en tvist mellan en investerare från en EU-medlemsstat och en annan EU-medlemsstat avseende en investering av den förstnämnda i den sistnämnda, och domstolen enligt nationella processuella bestämmelser måste bifalla ett yrkande om ogiltigförklaring om skiljedomen innefattar prövning av en fråga som inte får avgöras av skiljemän?

## 19.4 Fråga 10 - tillämpligheten av nationella preklusionsregler

268. Svarandena hävdar att Spanien är förhindrat att göra gällande att det inte föreligger ett giltigt skiljeavtal eftersom Spanien enligt Svarandena inte gjort gällande invändningen i skiljeförfarandet. Svarandena hävdar att invändningen borde ha gjorts gällande senast i svaromålet i skiljeförfarandet enligt 34 § andra stycket LSF. Spanien har ovan redogjort för att invändningen har gjorts gällande redan i svaromålet i skiljeförfarandet.

269. Om hovrätten skulle anse att preklusionsregeln i 34 § andra stycket är tillämplig, hindrar en sådan tillämpning unionsrättens autonomi och effektiva genomslag. En nationell processuell bestämmelse som hindrar unionsrättens autonomi och effektiva genomslag får inte tillämpas av nationell domstol. Denna princip är fastslagen av EU-domstolen och bedömd i ett antal rättsfall. De specifika omständigheter som är föremål för prövning i målet har inte tidigare prövats av EU-domstolen. Hovrätten måste därför, om den anser frågan vara oklar, hänskjuta frågan till EU-domstolen.

**Fråga 10**

7) I en situation där en nationell processuell bestämmelse utgör hinder mot att upphäva en skiljedom för att en part, som är en EU-medlemsstat, är prekluderad från att åberopa att artikel 26 ECT i en tvist mellan en investerare från en EU-medlemsstat och en annan EU-medlemsstat avseende en investering av den förstnämnda i den sistnämnda, strider mot artiklarna 4.3 och 19 FEU samt artiklarna 267 och 344 FEUF, kräver unionsrättens företräde och effektivitetsprincipen att en sådan bestämmelse sätts åt sidan av den nationella domstolen?

## I. BEVISUPPGIFT

270. Frågorna i detta mål är till stor del rena rättsfrågor. Såvitt Spanien uppfattat Svarandenas talan är det för närvarande endast omständigheten om 2007 års Dekret utgjort statsstöd enligt artikel 107.1 FEUF som är stridig, jämte frågan om Spanien förlorat rätten att göra gällande klandergrund.

271. Spanien åberopar följande skriftliga bevisning.