# EXHIBIT B

OFFICE TRANSLATION
Page 1



| SVEA COURT OF APPEAL<br>Department 02<br>Section 020113 | **MINUTES**<br>2020-10-09<br>Presented in Stockholm | File appendix 127<br>Case no. T 1626-19 |

### THE COURT
Appellate judges Ulrika Beergrehn, Maj Johansson, reporting judge, and Eva Edwardsson

### REPORTING CLERK AND KEEPER OF THE MINUTES
Reporting clerk Anders Lundberg

### PARTIES

**Claimant**
Kingdom of Spain

Counsel: Members of the Swedish bar (Sw. *Advokaterna*) James Hope, Mattias Rosengren and Cecilia Möller Norsted
Advokatfirman Vinge KB
Box 1703
SE-111 87 Stockholm

**Respondent**
1. Athena Investments A/S (formerly Greentech Energy Systems A/S), 36696915

2. Foresight Luxembourg Solar 1 S.à.r.l., B0146200

3. Foresight Luxembourg Solar 2 S.à.r.l., B0151603

4. GWM Renewable Energy II S.r.l., RM – 1305410

5. GWM Renewable Energy I S.p.A., RM – 1305360

Counsel 1-5: Members of the Swedish bar (Sw. *Advokaterna*) Fredrik Andersson and Jakob Ragnwaldh
Mannheimer Swartling Advokatbyrå AB
Box 1711
SE-111 87 Stockholm

### IN THE MATTER OF

Challenge and invalidity of an arbitral award; presently the question of written observations by the European Commission etc.

_____

The European Commission has in a letter received by the Court of Appeal on 11 March 2020 informed the court of its intention to – with reference to Article 29(2) in the Council Regulation 2015/1589 of 13 July 2015 laying down detailed rules for the application of Article 108 of **[orig. p. 2]** the Treaty on the Functioning of the European Union – submit a written observations to the Court on its own

| **Mailing address** | **Visiting address** | **Phone no.** | **Telefax** | **Office hours** |
|---|---|---|---|---|
| P.O Box 2290<br>103 17 Stockholm | Birger Jarls Torg 16 | 08-561 670 00<br>08-561 675 00<br>**E-post**: svea.hovratt@dom.se<br>www.svea.se | | Monday – Friday<br>09:00–16:30 |

LEGAL#20045530v3

initiative. The Commission has also requested permission from the Court of Appeal to submit oral observations in forthcoming oral hearings in the case.

The Commission has requested that the Court of Appeal set a time limit for the submission of its written observations.

The Kingdom of Spain has welcomed written observations and stated that it has no objection to the Commission's request to submit oral observations at a forthcoming main hearing.

The respondents have objected to the Commission's request, stating that there is no legal basis for either written or oral observations.

The Kingdom of Spain has requested that the Court of Appeal request a preliminary ruling from the CJEU [the Court of Justice of the European Union] to, *inter alia*, clarify the various issues of EU law in the case. The Kingdom of Spain has proposed a number of questions to be referred to the CJEU.

The respondents have objected to the request.

After a presentation of a report on the issue, the Court of Appeal makes the following

**DECISION** (to be issued on 2020-10-26)

1. The European Commission is presented with the opportunity to submit written observations by 18 December 2020 at the latest.

2. The Court of Appeal denies the request that a preliminary ruling be requested from the CJEU.

[orig. p. 3] *Reasons for the decision*

The Commission's right to submit written observations to a national court follows directly from Article 29(2) in the Council Regulation laying down detailed rules for the application of Article 108 of the Treaty on the Functioning of the European Union and is not conditioned upon permission by the court.

As regards the Commission's request to submit oral observations at forthcoming hearings, the Court of Appeal concludes that the nearest equivalent to such observations is an expert opinion (*cf.* Government Bill 2003/04:80 p. 60 *et seq.*). Consequently, oral observations could only be submitted at a main hearing. The Court of Appeal is yet to determine whether to hold a main hearing in the case

*OFFICE TRANSLATION*
Page 3

| | | |
|---|---|---|
| SVEA COURT OF APPEAL | **MINUTES** | T 1626-19 |
| Department 02 | | |

and therefore intends to decide on the Commission's request to submit oral observations after the Court of Appeal has rendered a decision on the continued proceedings of the case.

What has been presented in the case so far does not currently motivate a request for a preliminary ruling from the CJEU.

The decision may not be appealed separately.


Anders Lundberg

Minutes presented/



| | | | |
|---|---|---|---|
| SVEA HOVRÄTT<br>Avdelning 02<br>Rotel 020113 | PROTOKOLL<br>2020-10-09<br>Föredragning i<br>Stockholm | Aktbilaga 127<br>Mål nr T 1626-19 | Sid 1 (3) |

**RÄTTEN**
Hovrättsråden Ulrika Beergrehn, Maj Johansson, referent, och Eva Edwardsson

**FÖREDRAGANDE OCH PROTOKOLLFÖRARE**
Föredraganden Anders Lundberg

**PARTER**

**Kärande**
Konungariket Spanien

Ombud: Advokaterna James Hope, Mattias Rosengren och Cecilia Möller Norsted
Advokatfirman Vinge KB
Box 1703
111 87 Stockholm

**Svarande**
1. Athena Investments A/S (tidigare Greentech Energy Systems A/S), 36696915

2. Foresight Luxembourg Solar 1 S.à.r.l., B0146200

3. Foresight Luxembourg Solar 2 S.à.r.l., B0151603

4. GWM Renewable Energy II S.r.l., RM – 1305410

5. GWM Renewable Energy I S.p.A., RM – 1305360

Ombud 1-5: Advokaterna Fredrik Andersson och Jakob Ragnwaldh
Mannheimer Swartling Advokatbyrå AB
Box 1711
111 87 Stockholm

**SAKEN**
Klander och ogiltighet av skiljedom; nu fråga om skriftligt yttrande från Europeiska kommissionen m.m.

_____

Europeiska kommissionen har i skrivelse som kom in till hovrätten den 11 mars 2020 underrättat domstolen om sin avsikt att – med stöd av artikel 29.2 i rådets förordning 2015/1589 av den 13 juli 2015 om genomförandebestämmelser för artikel 108 i

Dok.Id 1638641

| **Postadress** | **Besöksadress** | **Telefon** | **Telefax** | **Expeditionstid** |
|---|---|---|---|---|
| Box 2290<br>103 17 Stockholm | Birger Jarls Torg 16 | 08-561 670 00<br>08-561 675 00<br>**E-post**: svea.hovratt@dom.se<br>www.svea.se | | måndag – fredag<br>09:00–16:30 |

| | | Sid 2 |
|---|---|---|
| SVEA HOVRÄTT<br>Avdelning 02 | PROTOKOLL | T 1626-19 |

fördraget om Europeiska unionens funktionssätt – på eget initiativ avge skriftligt yttrande till domstolen. Kommissionen har även begärt hovrättens tillstånd att få yttra sig muntligt vid kommande muntliga förhandlingar i målet.

Kommissionen har begärt att hovrätten ska meddela en tidsfrist för att inkomma med det skriftliga yttrandet.

Konungariket Spanien har välkomnat ett skriftligt yttrande och har förklarat sig inte ha någon invändning mot kommissionens begäran att få yttra sig muntligt vid en kommande huvudförhandling.

Svarandena har motsatt sig kommissionens begäran och anfört att det saknas rättsliga förutsättningar för såväl ett skriftligt som ett muntligt yttrande.

Konungariket Spanien har begärt att hovrätten ska inhämta ett förhandsavgörande från EU-domstolen för att bland annat klargöra de olika EU-rättsliga aspekterna i målet. Konungariket Spanien har föreslagit ett antal frågor att hänskjuta till EU-domstolen.

Svarandena har motsatt sig begäran.

Efter föredragning fattar hovrätten följande

**BESLUT** (att meddelas 2020-10-26)

1. Europeiska kommissionen bereds tillfälle att inkomma med skriftligt yttrande senast den 18 december 2020.

2. Hovrätten avslår begäran om att ett förhandsavgörande ska inhämtas från EU-domstolen.

| | | |
|---|---|---|
| SVEA HOVRÄTT<br>Avdelning 02 | PROTOKOLL | Sid 3<br>T 1626-19 |

*Skälen för beslutet*

Kommissionens rätt att avge ett skriftligt yttrande i nationell domstol följer direkt av artikel 29.2 i rådets förordning om genomförandebestämmelser för artikel 108 i fördraget om Europeiska unionens funktionssätt och förutsätter inte något tillstånd från domstolen.

Vad gäller kommissionens begäran att få yttra sig muntligt vid kommande förhandlingar konstaterar hovrätten att ett sådant yttrande närmast är att jämställa med yttrande från en sakkunnig (jfr prop. 2003/04:80 s. 60 f.). Vid detta förhållande kan ett muntligt yttrande komma i fråga endast vid en huvudförhandling. Hovrätten har ännu inte tagit ställning till om huvudförhandling ska hållas i målet och avser därför att ta ställning till kommissionens begäran att få yttra sig muntligt efter det att hovrätten fattat beslut om målets fortsatta handläggning.

Det som hittills har förevarit i målet motiverar inte nu att ett förhandsavgörande inhämtas från EU-domstolen.

Beslutet får inte överklagas särskilt.


Anders Lundberg

Protokollet uppvisat/