**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NOVENERGIA II – ENERGY & ENVIRONMENT (SCA), | |
| *Petitioner*, | |
| v. | Case No. 1:18-cv-1148 (TSC) |
| THE KINGDOM OF SPAIN, | |
| *Respondent.* | |
| | |
| FORESIGHT FUND MANAGERS LTD., | |
| *Petitioner*, | |
| v. | Case No. 1:20-cv-925 (TSC) |
| THE KINGDOM OF SPAIN, | |
| *Respondent.* | |

**MOTION TO SUBSTITUTE FORESIGHT FUND MANAGERS LTD. FOR
PETITIONER IN CASE NO. 1:18-CV-1148**

Pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, Petitioner Novenergia II – Energy & Environment (SCA) ("Novenergia") in Case No. 1:18-cv-1148 (the "*Novenergia* Action") and Foresight Fund Managers Limited ("Foresight Fund") jointly and respectfully move this Court for an order substituting Foresight Fund for Novenergia in the *Novenergia* Action. Respondent the Kingdom of Spain ("Spain") takes the following position on this motion: "Without prejudice to the validity *vel non* of the putative assignment of the rights under the award or the enforceability of any such putatively assigned rights, the Kingdom of Spain does not oppose the

1

substitution of Foresight Fund Managers Ltd for Novenergia pursuant to Federal Rule of Civil Procedure 25(c)."

Substitution is appropriate because Foresight Fund now holds full title to the arbitral award that Novenergia is seeking to enforce in the *Novenergia* Action (the "Award"). Novenergia (as assignor) and Foresight Fund (as assignee) entered into a deed of assignment on January 21, 2026 (the "Deed of Assignment"), in which Novenergia "irrevocably and unconditionally assign[ed] to [Foresight Fund] the legal and beneficial title" to "all of the rights, interests and benefits of [Novenergia] under or in respect of . . . [the Award.]" Deed of Assignment §§ 1.1, 2.1 (Ex. A to Declaration of Thomas C.C. Childs dated Feb. 9, 2026 ("Childs Decl.")). On February 3, 2026, Novenergia and Foresight Fund sent Spain notice of the assignment, as required by § 5.2(a) of the Deed of Assignment. *See* Ex. B to Childs Decl.

Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Substitution is appropriate if it would "facilitate the conduct of the litigation." *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 86 (D.D.C. 2017) (quoting *Comm'ns Imp. Exp., S.A. v. Republic of Congo*, 118 F. Supp. 3d 220, 231 (D.D.C. 2015)). This standard turns on "considerations of convenience and economy." *Id.*

Substitution of Foresight Fund as petitioner in the *Novenergia* Action is warranted to facilitate its participation in the litigation. "Courts have found substitution appropriate when a transfer [of a legal interest] gives another party ownership of the relevant property and the sole interest in the outcome of the litigation." *Stewart Title Guar. Co. v. Lewis*, 2018 WL 1964870, at *1 (D.D.C. Feb. 16, 2018) (collecting cases). Pursuant to the Deed of Assignment, Novenergia

2

lawfully gave up all legal and financial interests in the Award. Foresight Fund now is entitled to any payment recouped under the Award, including any recovery obtained by securing a judgment in this Court and enforcing that judgment against Spain's assets in the United States. It is thus Foresight Fund that has the legal and beneficial interest in this Court recognizing the Award. Allowing Foresight Fund, rather than Novenergia, to prosecute the *Novenergia* Action would enable it to more effectively vindicate its rights. *See Paleteria La Michoacana*, 247 F. Supp. 3d at 90 ("[S]ubstituting the owner of the relevant [property] as the sole Plaintiff will best facilitate any ongoing litigation."); *Cessna Fin. Corp. v. Al Ghaith Holding Co. PJSC*, 2021 WL 603012, at *3 (S.D.N.Y. Feb. 16, 2021) (granting Rule 25(c) motion in suit to confirm arbitration award because, "given that [Petitioner] has assigned its interest in, title and rights to the Award and Judgment to [assignee], substitution of [assignee] as Petitioner for purposes of enforcement of the Judgment is likely to simplify the action") (citations omitted).

Substitution of Foresight Fund as petitioner in the *Novenergia* Action also would promote judicial economy. "Rule 25(c) has no bearing on the substantive relationship between the parties"; regardless of the substitution, "[t]he merits of the case . . . are still determined vis-à-vis the originally named parties." *Paleteria La Michoacana*, 247 F. Supp. 3d at 86 (quoting *Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985)). Here, substitution would be seamless because resolution of the *Novenergia* Action depends solely on questions of law—specifically, the application of the Foreign Sovereign Immunities Act, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, and federal common law concerning the recognition of foreign court judgments—and on the plain text of the Award. Foresight Fund is therefore fully equipped to step into Novenergia's shoes and prosecute the *Novenergia* Action, and this Court's consideration of the issues in this case will not be impacted by the substitution.

Recognizing these principles, this Court has granted materially similar motions for substitution in several closely related arbitral award enforcement actions against Spain, including *Foresight Fund Managers Ltd. v. Kingdom of Spain* (*Foresight*), No. 1:20-cv-925, which is consolidated with the *Novenergia* Action. *See Novenergia* Action, Min. Order (D.D.C. Aug. 18, 2025).[1] *See also Blasket Renewable Invs., LLC (formerly RREEF Infrastructure (G.P.) Ltd. et al.) v. Kingdom of Spain* (*RREEF*), No. 1:19-cv-3783, Min. Order (D.D.C. Apr. 4, 2025); *Blasket Renewable Invs., LLC (formerly JGC Holdings Corp.) v. Kingdom of Spain* (*JGC*), No. 1:20-cv-2701, Min. Order (D.D.C. May 19, 2024); *Blasket Renewable Invs., LLC (formerly Watkins Holdings S.à.r.l. et al.) v. Kingdom of Spain* (*Watkins*), No. 1:21-cv-1081, Min. Order (D.D.C. Apr 29, 2024); *Blasket Renewable Invs., LLC (formerly BayWa R.E. AG) v. Kingdom of Spain* (*BayWa*), No. 1:22-cv-2403, Min. Order (D.D.C. Aug. 17, 2023); *Blasket Renewable Invs., LLC (formerly InfraRed Env't Infrastructure Gp Ltd. et al.) v. Kingdom of Spain* (*InfraRed*), No. 1:20-cv-0817, Min. Order (D.D.C. July 12, 2023); *Blasket Renewable Invs., LLC (formerly Hydro Energy 1, S.à.r.l.) v. Kingdom of Spain* (*Hydro*), No. 1:21-cv-2463, Min. Order (D.D.C. July 10, 2023); *Blasket Renewable Invs., LLC (formerly AES Solar Energy Coöperatief U.A.) v. Kingdom of Spain* (*AES*), No. 1:21-cv-3249, Min. Order (D.D.C. Mar. 7, 2023) (together, the "*Blasket* Substitution Cases"). Like this case, *Foresight* and the *Blasket* Substitution Cases are actions brought by investors seeking to enforce arbitral awards issued against Spain, arising from Spain's revocation—in violation of the Energy Charter Treaty—of renewable energy subsidies.

As in this case, the petitioners in *Foresight* and the *Blasket* Substitution Cases assigned all their rights under their respective awards to an assignee and then moved to substitute the assignee, the real party-in-interest after the assignment, as petitioner. *See Novenergia*, ECF No. 140; *RREEF*,

---

[1]   All filings in the consolidated cases are made solely in the *Novenergia* Action.

4

ECF No. 51; *JGC*, ECF No. 18; *Watkins*, ECF No. 56; *BayWa*, ECF No. 25; *InfraRed*, ECF No. 56; *Hydro*, ECF No. 41; *AES*, ECF No. 31. In each of those cases, this Court granted the motion for substitution, observing that substitution is appropriate where it would "facilitate the conduct of the litigation." *See Novenergia*, Min. Order (D.D.C. Aug. 18, 2025); *JGC*, ECF No. 19; *Watkins*, Min. Order (D.D.C. Apr. 29, 2024); *BayWa*, Min. Order (D.D.C. Aug. 17, 2023); *InfraRed*, Min. Order (D.D.C. July 12, 2023); *Hydro*, Min. Order (D.D.C. July 10, 2023); *AES*, Min. Order (D.D.C. Mar. 7, 2023) (quoting *Paleteria La Michoacana*, 247 F.Supp. 3d at 86)). Applying that standard, this Court has repeatedly concluded that "substitution is appropriate" because the "Petitioners have transferred their interest in the arbitral award at issue in this case to [assignee] and '[given] up all their legal and financial interests in the Award.'" *E.g.*, *AES*, Min. Order (D.D.C. Mar. 7, 2023) (alteration in original). The same holds true here: substitution is warranted to allow Foresight Fund, the owner of all rights arising from the Award, to participate in the *Novenergia* Action and see it through to final judgment.

For the foregoing reasons, Novenergia and Foresight Fund respectfully request that the Court grant their motion for substitution.[2]

## LCvR 7(m) Certification

I hereby certify that counsel for Novenergia and Foresight Fund sought the consent of Spain's counsel to the relief requested herein. Spain takes the following position with respect to this motion: "Without prejudice to the validity *vel non* of the putative assignment of the rights under the award or the enforceability of any such putatively assigned rights, the Kingdom of Spain

---

[2]   If the Court declines to order substitution, it should, at minimum, join Foresight Fund as a petitioner in this case so it may participate in the adjudication of the enforceability of the Award, which it now owns. *See* Fed. R. Civ. P. 25(c) (permitting substitution *or* joinder of the transferee).

does not oppose the substitution of Foresight Fund Managers Ltd for Novenergia pursuant to

Federal Rule of Civil Procedure 25(c)."

Dated: February 9, 2026
New York, New York

Respectfully submitted,

  */s/ Thomas Childs*  
Thomas Childs (D.D.C. Bar No. NY0449)
King & Spalding LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 556-2100
Fax: (212) 556-2222
tchilds@kslaw.com

*Attorneys for Petitioner Novenergia II –*
*Energy & Environment (SCA) and transferee*
*Foresight Fund Managers Limited*