# EXHIBIT A

# DEED OF ASSIGNMENT

## Dated

## 21 January 2026

## BETWEEN

## NovEnergia II Energy & Environment (SCA) SICAR (in voluntary liquidation)

## as the Assignor

## AND

## Foresight Fund Managers Limited

## as the Assignee.

RELATING TO

The Arbitral Award in Stockholm Chamber of Commerce Case No. 2015/063 between NovEnergia II – Energy & Environment (SCA) SICAR as Claimant and the Kingdom of Spain as Respondent

Dated 15 February 2018

and

The Arbitral Award in Stockholm Chamber of Commerce Case No. 2015/095 between Greentech Energy Systems A/S, NovEnergia II Energy & Environment (SCA) SICAR, and NovEnergia II Italian Portfolio SA as Claimants and the Italian Republic as Respondent

dated 23 December 2018

Docusign Envelope ID: 96671437-D4D4-4081-865E-270065D5D5F4

# Contents

1.    INTERPRETATION ................................................................................................ 4

2.    ASSIGNMENT ...................................................................................................... 5

3.    COVENANTS ........................................................................................................ 6

4.    WARRANTIES ...................................................................................................... 6

5.    NOTICE OF ASSIGNMENT .................................................................................. 7

6.    RESPONSIBILITY OF ASSIGNOR ...................................................................... 7

7.    FEES .................................................................................................................... 8

8.    CONFIDENTIALITY ............................................................................................. 8

10.   SEVERABILITY .................................................................................................... 9

11.   WHOLE AGREEMENT .......................................................................................... 9

12.   AMENDMENTS .................................................................................................... 10

13.   COUNTERPARTS ................................................................................................ 10

14.   THIRD PARTY RIGHTS ...................................................................................... 10

15.   JURISDICTION .................................................................................................... 10

16.   GOVERNING LAW .............................................................................................. 10

**THIS DEED** (the **Deed**) is made on the date first above written on this Deed

**BETWEEN:**

(1)    **NovEnergia II Energy & Environment (SCA) SICAR** (in voluntary liquidation), a *société d'investissement en capital à risque* formed under Luxemburg law whose registered office is L-1219 Luxembourg, 17, rue Beaumont and registered with the Luxembourg Trade and Companies Register under number B124.550 (the **Assignor**), and

(2)    **Foresight Fund Managers Limited**, a private limited company formed under the Companies Act 2006 whose registered office is c/o Foresight Group LLP, The Shard, 32 London Bridge Street, London SE1 9SG, United Kingdom, and registered at the Companies House under number 03135882 (the **Assignee**).

**WHEREAS:**

(A)    In the arbitration proceeding before the Stockholm Chamber of Commerce (SCC Case No. 2015/063) between NovEnergia II Energy & Environment (SCA) SICAR as claimant and the Kingdom of Spain as respondent, the arbitral tribunal issued a final award on 15 February 2018 (the **Spain Award**).

(B)    In the arbitration proceeding before the Stockholm Chamber of Commerce (SCC Case No. 2015/095) between the Athena Investments ApS (formerly Greentech Energy Systems A/S), NovEnergia II Energy & Environment (SCA) SICAR, and NovEnergia II Italian Portfolio SA as claimants and the Italian Republic as respondent, the arbitral tribunal issued a final award on 23 December 2018 (the **Italy Award**).

(C)    According to the Spain Award, *inter alia*, the Kingdom of Spain shall pay to NovEnergia II Energy & Environment (SCA) SICAR (i) EUR 53.3 million (fifty-three million, three hundred thousand euros) plus interest at a rate of 1.5% compounded monthly from 15 September 2016 until full payment has been made, and (ii) EUR 2.6 million (two million, six hundred thousand euros) plus interest at a rate of 1.5% compounded monthly from 15 February 2018 until full payment has been made.

(D)    According to the Italy Award, *inter alia*, the Italian Republic shall pay to NovEnergia II Energy & Environment (SCA) SICAR and NovEnergia II Italian Portfolio SA (i) EUR 4.5 million (four million, five hundred thousand euros), together with compound interest (compounded annually) from 1 January 2015 at LIBOR plus 2% thereon until full and final satisfaction of the Award, and shall compensate all claimants for their costs in the arbitration, comprised of (ii) EUR 478,000.00 (four hundred and seventy-eight thousand euros) in arbitration fees and (iii) EUR 1,408,268.00 (one million, four hundred and eight thousand, two hundred and sixty-eight euros) in respect of legal fees.

(E)    On 16 May 2018, NovEnergia II Energy & Environment (SCA) SICAR filed a petition in the United States for recognition of the Spain Award, and on 5 April 2019, NovEnergia II Energy & Environment (SCA) SICAR and NovEnergia II Italian Portfolio SA filed a petition in the United States for recognition of the Italy Award (the **Recognition Proceedings**). These Recognition Proceedings are still pending.

(F)    The Spain Award was declared annulled by the Svea Court of Appeal in Stockholm, Sweden, on 13 December 2022, and the Italy Award was declared annulled by the Svea Court of Appeal in Stockholm, Sweden on 17 June 2024.

(G)    On 15 November 2024, NovEnergia II Italian Portfolio SA was dissolved and all of its rights and assets (including all rights associated with the Italy Award and the underlying claims) were transferred to NovEnergia II Energy & Environment (SCA) SICAR as its successor-in-interest.

(H)    NovEnergia II Energy & Environment (SCA) SICAR, the Assignor, wishes to assign to the Assignee and the Assignee wishes to be assigned from the Assignor the Assigned Rights (as defined herein) stemming from both the Spain Award and Italy Award and the underlying legal claims.

## 1.    INTERPRETATION

1.1    In this Deed and in addition to terms elsewhere defined herein:

**Affiliate** means in relation to a company, partnership or limited partnership, a Subsidiary Undertaking, Parent Undertaking, Subsidiary or Holding Company of that entity or any other Subsidiary Undertaking of any such Parent Undertaking, or Subsidiary of such Holding Company, in each case for the time being, and in particular (i) in relation to any Assignor, any general partner, limited partner, trustee, nominee, operator or arranger of or investment manager or investment adviser controlled or managed by the Assignor or another of its Affiliates, in each case from time to time and (ii) in relation to the Assignee, any partner, member or participator of the Assignee in the event that the Assignee is construed as being a partnership for the purposes of English or other applicable law;

**Assigned Rights** mean all of the rights, interests and benefits of the Assignor under or in respect of both the Spain Award and the Italy Award, including for avoidance of doubt (i) all rights and entitlements in relation to the Recognition Proceedings, (ii) any and all proceeds recovered from or in relation to either the Spain Award or the Italy Award or both, whether through payment, enforcement, settlement, sale, or otherwise, (the **Award Proceeds**), and (iii) any and all legal claims against the Italian Republic or the Kingdom of Spain in relation to the Assignor's renewable energy investments;

**Assignment** means the assignment of the Assigned Rights according to this Deed;

**Assignment Effective Date** means the date of this Deed;

**Business Day** means a day (other than a Saturday or Sunday) on which banks are open for general business in Europe and in London;

**Holding Company** means, in relation to a company or corporation, any other company or corporation in respect of which it is a Subsidiary;

**Parent Undertaking** has the meaning given in section 1162 of the Companies Act 2006;

**Party** means a party to this Deed;

**Security Interest** means any option, right to acquire, right of pre-emption, mortgage, pledge, lien, charge, assignment, hypothecation or security interest or any other trust, agreement or arrangement having a similar effect, or any agreement to execute any of the above, including for the avoidance of doubt any success fee or contingency fee interest in the Award Proceeds owed to King & Spalding LLP, Orrick, Herrington & Sutcliffe LLP, or Latham & Watkins LLP;

**Subsidiary** means a subsidiary within the meaning of section 1159 of the Companies Act 2006; and

**Subsidiary Undertaking** has the meaning given in section 1159 of the Companies Act 2006.

1.2    In this Deed, unless the contrary intention appears, a reference to:

(a)    an **amendment** includes a supplement, novation, extension (whether of maturity or otherwise), restatement, re-enactment or replacement (however fundamental and whether or not more onerous) and **amended** will be construed accordingly;

(b)    an **authorisation** includes an authorisation, consent, approval, resolution, licence, exemption, filing, registration or notarisation;

(c)    the word **including** shall mean **including, without limitation**;

(d)    a **person** includes any individual, company, corporation, unincorporated association or body (including a partnership, trust, fund, joint venture or consortium), government, state, agency, organisation or other entity whether or not having separate legal personality;

(e)    a **regulation** includes any regulation, rule, official directive, request or guideline (whether or not having the force of law but, if not having the force of law, being of a type with which any person to which it applies is accustomed to comply) of any governmental, intergovernmental or supranational body, agency, department or regulatory, self-regulatory or other authority or organisation;

(f)    a provision of law is a reference to that provision as extended, applied, amended or re-enacted and includes any subordinate legislation;

(g)    a clause, a subclause or a Schedule is a reference to a clause or subclause of, or a schedule to, this Deed;

(h)    a Party or other person includes its successors in title, permitted assignees and permitted transferees;

(i)    **EUR** or **€** is a reference to Euros;

(j)    a document in the **Agreed Form** is a reference to a document in a form initialled for the purposes of identification by or on behalf of the Assignor and Assignee; and

(k)    a time of day is a reference to local time in England.

1.3    The headings in this Deed do not affect its interpretation.


2.    ASSIGNMENT


2.1    On the Assignment Effective Date, the Assignor irrevocably and unconditionally assigns to the Assignee the legal and beneficial title to the Assigned Rights, which assignment the Assignee accepts.

2.2    In consideration of the Assignment referred to in clause 2.1, the Assignee, represented by King & Spalding, agrees to pursue recognition and enforcement of the Spain Award and the Italy

Award until such time as the Assignee may be advised by King & Spalding that recovery of the Award Proceeds is unlikely to materialize. The Assignee shall be responsible for all outstanding and future costs owed to King & Spalding subject to an engagement agreement to be concluded.

2.3    The Assignee may also, if deemed appropriate, initiate new proceedings or enter into an amicable settlement agreement. The Assignee shall be responsible for all outstanding and future costs owed to King & Spalding in connection with such decision.

## 3.    COVENANTS

3.1    The Assignor covenants with the Assignee that on the Assignment Effective Date:

(a)    the Assignment is made with full title guarantee;

(b)    it has the right to assist and dispose of the rights, powers, interests and benefits referred to in clause 2 (Assignment) to the Assignee on the terms set out in this Deed; and

(c)    the rights, powers, interests and benefits referred to in clause 2 (Assignment) are, and are assigned under this Deed, free from any Security Interest other than the Security Interests of King & Spalding LLP; Orrick, Herrington & Sutcliffe LLP; and Latham & Watkins LLP.

3.2    If on or after the Assignment Effective Date, the Assignor receives or recovers any amount under or in connection with the Assigned Rights, the Assignor shall within four (4) Business Days, pay that amount to the Assignee for same day value and, pending such payment, the Assignor shall hold that amount on trust for the Assignee.

## 4.    WARRANTIES

4.1    Each Party warrants to the other Parties that as at the date of this Deed:

(a)    it is duly incorporated and validly existing under the laws of its jurisdiction of incorporation;

(b)    it has the power to enter into and perform and has taken all necessary action to authorise the entry into and performance of this Deed and the transactions contemplated by this Deed;

(c)    this Deed constitutes its legally binding, valid and enforceable obligation on it;

(d)    its execution and delivery of, and the performance of its obligations under this Deed will not:

(i)    conflict with or result in a breach of any provision of its constitutional documents;

(ii)    conflict with, result in a breach of or constitute a default under any agreement or instrument to which it is a party; or

(iii)     conflict with or result in a breach of any law or regulation, or of any order, injunction, judgement or decree of any court, that applies to it; and

(e)     all authorisations required by it in connection with the entry into, performance, validity and enforceability of, and the transactions contemplated by, this Deed have been obtained or effected (as appropriate) and are in full force and effect.

4.2     The Assignor warrants to the Assignee that as at the date of this Deed the Assignor legally and beneficially owns the Assigned Rights free from any Security Interest other than the Security Interests of King & Spalding LLP and Orrick, Herrington & Sutcliffe LLP.

## 5.     NOTICE OF ASSIGNMENT

5.1     The Assignor shall not provide notice of the Assignment to any person without the prior written consent of the Assignee (but the Assignor may communicate the Assignment in compliance of any regulatory or legal obligations applicable to it or to comply with general information duties with the respective investors).

5.2     Without prejudice to Clause 5.1, on or after the Assignment Effective Date, a notice shall be delivered by the Assignee to

(a)     the Kingdom of Spain with respect to the Spain Award;

(b)     the Italian Republic with respect to the Italy Award; and

(c)     with respect to both the Spain and the Italy Awards, the relevant courts in the District of Colombia, United States, in a form prepared by counsel for the Assignee in the pending recognition actions and at the expense of the Assignee.

## 6.     RESPONSIBILITY OF ASSIGNOR

6.1     The Assignor is not responsible to the Assignee for the validity of this Assignment or of either the Spain Award or Italy Award or the legality, validity, adequacy, accuracy or completeness of any statement or information (whether written or oral) made in or supplied in connection with the Spain Award or Italy Award and any representations or warranties implied by law (unless expressly provided for herein) are excluded, save in the case of fraud.

6.2     The Assignee confirms that it:

(a)     has made, and will continue to make, its own independent appraisal of all risks arising under or in connection with the Assignment in connection with its participation in this Deed; and

(b)     has not relied exclusively on any information provided to it by the Assignor in connection with the Assignment.

6.3     Nothing in this Deed requires the Assignor to:

(a)     repurchase the Assigned Rights or any part of the Assigned Rights; or

(b)      support any expenses or losses incurred by the Assignee by reason of non-performance by the Kingdom of Spain or the Italian Republic of their respective obligations arising out of or in connection with the Spain Award or Italy Award or otherwise.

## 7.    FEES

7.1    The Assignee shall bear all taxes, costs and expenses (including but not limited to legal, audit, valuation and notarial fees, registration fees and translation costs) arising out of or in connection with the Spain Award and the Italy Award and the negotiation, preparation, execution and perfection of this Deed and with any documents related thereto (including any amendments thereof).

## 8.    CONFIDENTIALITY

8.1    No Party shall make, issue or publish any announcement, statement or circular in connection with the existence or the subject matter of this Deed or cause any such announcement, statement or circular to be made, issued or published (except any announcement, statement or circular in the Agreed Form), without the prior written consent of the other Parties.

8.2    Each Party (a **Receiving Party**) must keep confidential the terms and existence of this Deed and any documentation relating to it and any information supplied to the Receiving Party by the other Party (the **Disclosing Party**) in connection with this Deed (the **Confidential Information**). However, a Receiving Party is entitled to disclose information:

(a)      which is publicly available, other than as a result of a breach by the Receiving Party of this clause 8;

(b)      in connection with any legal or arbitration proceedings;

(c)      if required to do so under any law or regulation binding on it;

(d)      if required to do so by to a governmental, banking, taxation or other regulatory authority;

(e)      to its Affiliates and any of its or their officers, directors, employees, professional advisers and auditors who have a need to know such Confidential Information, in each case subject to such recipients being subject to confidentiality obligations no less onerous than those set out in this clause 8; or

(f)      to the extent permitted by clause 8.3.

8.3    Notwithstanding clause 8.2, each Party may:

(a)      consult freely with and disclose Confidential Information to any proposed investors or any other person on whose behalf it is investing (or with or to any of its or their professional advisers), its current and proposed lenders, and any investor in its Affiliates; or

(b)     disclose any Confidential Information to any proposed purchaser, underwriter, sponsor or broker and/or their respective advisers;

provided that, in either case, before a third party may receive Confidential Information under this clause 8.3, such third party must first agree in writing for the benefit of the Disclosing Party to keep that Confidential Information confidential on the terms of this clause 8.3 as if it were a Receiving Party.

8.4     The Parties agree to waive any claim for breach of confidence in respect of the disclosure of Confidential Information by any Party to the extent made in compliance with this clause 8.

## 9.     SEVERABILITY

9.1     If a term or part thereof of this Deed is or becomes illegal, invalid or unenforceable in any jurisdiction, that will not affect:

(a)     the legality, validity or enforceability in that jurisdiction of the remainder of that term or any other term of this Deed; or

(b)     the legality, validity or enforceability in other jurisdictions of the remainder of that term or any other term of this Deed.

9.2     Where any obligation, warranty or undertaking in this Deed is expressed to be made by, undertaken or given by the Parties, they shall be severally responsible in respect of it (and not on a joint or joint and several basis) unless expressly provided to the contrary.

## 10.     WHOLE AGREEMENT

10.1     This Deed contains the whole agreement between the Parties relating to the Assignment and supersedes all previous deeds and agreements, whether oral or in writing, between the Parties relating to these transactions. Except as required by statute, no terms shall be implied (whether by custom, usage or otherwise) into this Deed.

10.2     Each Party:

(a)     acknowledges that in agreeing to enter into this Deed it has not relied on any express or implied representation, warranty, collateral contract or other assurance made by or on behalf of any other Party before entering into this Deed (other than as set out in this Deed);

(b)     waives all rights and remedies which, but for this clause 10.2 (Whole Agreement), might otherwise be available to it in respect of any such express or implied representation, warranty, collateral contract or other assurance; and

(c)     acknowledges and agrees that no such express or implied representation, warranty, collateral contract or other assurance may form the basis of, or be pleaded in connection with, any claim made by it under or in connection with this Deed.

Docusign Envelope ID: 96671437-D4D4-4081-86E5-270065D5D5F4

10.3    Nothing in this clause 10 (*Whole Agreement*) limits or excludes any liability for fraud or limits any remedy which cannot be waived as a matter of applicable law.

## 11.    AMENDMENTS

This Deed, including this clause 11, may only be modified or amended by a document signed by all Parties. Any provision contained in this Deed may only be waived by a document signed by the Party waiving such provision.

## 12.    COUNTERPARTS

12.1    This Deed may be executed in any number of counterparts. This has the same effect as if the signatures on the counterparts were on a single copy of this Deed.

12.2    It is the intention of the Parties that this Deed shall take effect as a deed notwithstanding that one or more Parties hereto may execute this Deed as an agreement under hand.

## 13.    THIRD PARTY RIGHTS

13.1    A person who is not a party to this Deed has no right to enforce or to enjoy the benefit of any term of this Deed. The Parties may rescind, vary or terminate this Deed without the consent of or notice to any person on which such rights are conferred.

## 14.    JURISDICTION

14.1    The courts of New York, USA, whether state or federal, shall have exclusive jurisdiction to settle any dispute, claim or controversy arising out of or in connection with this Deed or its subject matter or formation (including a dispute, claim or controversy relating to any non-contractual obligations arising out of or in connection with this Deed) and the Parties submit to the exclusive jurisdiction of such courts of New York.

14.2    The courts of New York referred to in clause 14.1 are the most appropriate and convenient courts to settle any such dispute and each Party waives any objection to those courts on the grounds of inconvenient forum or otherwise in relation to proceedings arising out of or in connection with this Deed or its subject matter or formation.

## 15.    GOVERNING LAW

Docusign Envelope ID: 96671437-D4D4-4081-86EF-270065D5D5F4

15.1   This Deed (including clause 15 thereof) and any non-contractual obligations arising out of or in connection with it are governed by, and shall be construed in accordance with, the laws of New York, USA.

REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.

Docusign Envelope ID: 96671437-D4D4-4081-86EF-270065D5D5F4

Docusign Envelope ID: 96671437-D4D4-4081-86EE-270065D5D5F4

## SIGNATORIES

EXECUTED and DELIVERED as a deed by NovEnergia II Energy & Environment (SCA) SICAR (in voluntary liquidation), acting by its liquidator NovEnergia General Partner S.A.

)
)
)
)
)
)
)
)
)



……………………………………..

Authorized signatory

Henri Baguenier, representative of NovEnergia General Partner S.A.

EXECUTED and DELIVERED as a deed by FORESIGHT FUND MANAGERS LIMITED, a limited liability company incorporated under the laws of England and Wales, acting by Gary Fraser and David Hughes, being a person or persons who, in accordance with laws of that territory, is/are acting under the authority of that private limited liability company,

)
)
)
)
)
)
)
)
)

Signed by:

*Gary Fraser*
E703A450E8804C9…………………………………..

Authorized signatory

Gary Fraser

Signed by:

*David Hughes*
E1AB8C74E8AC4E8…………………………………..

Authorized signatory

David Hughes